IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 315-012 |
| | ) | |
| JOSE MARTIN IBARRA-GARCIA | ) | |

**O R D E R**

Before the Court are several pre-trial discovery motions filed by Defendant Jose Martin Ibarra-Garcia.

**I.  Motion to Examine Physical Evidence**

The Court **GRANTS** Defendant's motion for independent examination of physical evidence in the case (doc. no. 28), subject to the following terms and conditions:

(a) Defense counsel must submit to the government a list of physical evidence to be tested or examined by experts;

(b) Defense counsel shall confer with the government's attorney to work out the availability of substances or materials to be tested;

(c) Any testing by defense experts must be completed within thirty days of the date of this Order;

(d) Defense counsel shall provide written notice to the government of any testing at least ten days in advance and shall permit government representatives to attend the testing; and

(e) The test or laboratory results obtained by defense experts shall be served upon the government not later than five days after the test.

## II. Motions to Preserve Evidence

Defendant also filed motions to preserve evidence, including rough notes of agents. (Doc. nos. 23, 31.) Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The Court **GRANTS** the motions, and the government is instructed to preserve all evidence in this case, including rough notes authored by agents.

## III. Motion for Disclosure of Seized Evidence and for Extension of Time to File Motion to Suppress; Motion for <u>Jackson-Denno</u> Hearing[1]

Pursuant to Federal Rule of Criminal Procedure 12(b)(4), Defendant seeks an order requiring the government to provide notice of its intent to use, during its evidence-in-chief at trial, evidence that Defendant is entitled to discover under the Federal Rule of Criminal Procedure 16. In light of the government's customary policy within this District of providing liberal discovery of its investigative file to defense counsel, Defendant should have already received all evidence in the government's possession that he is entitled to discover under Rule 16, and the instant motion for notice is thus **MOOT** (doc. no. 29-1).

Defendant also seeks an extension of time to move for the suppression of evidence, in the event that the government has not yet provided all Rule 16 discovery. The Court **GRANTS** an extension (doc. no. 29-2) until November 30, 2015, to file a motion to suppress

---

[1] <u>Jackson v. Denno</u>, 378 U.S. 368 (1964).

that, in compliance with Local Criminal Rule 12.1, supports every factual assertion with a cite to the existing record, an affidavit, or other evidence. The burden is upon Defendant to allege facts that would, if proven true, entitle him to relief. United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994). As to the one-page, boilerplate request for a Jackson-Denno hearing (doc. no. 26), the Court also will provide Defendant until November 30, 2015, to file a motion that complies with the particularity and evidentiary requirements described herein. Failure to cure the defects with the pending Jackson-Denno motion will result in the Court treating that motion as a nullity.

The government response to all motions filed on November 9, 2015, but for the Jackson-Denno motion, shall be due no later than November 30, 2015. Should Defendant particularize his Jackson-Denno motion or file a particularized motion to suppress by November 23, 2015, the government shall have fourteen days from the filing of such motion to respond.

SO ORDERED this 9th day of November, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA